UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re

ALAN EDWARD KENNEDY

       Debtor.

_____/

MELANIE CASEY,

       Plaintiff,

  v.

ALAN EDWARD KENNEDY,

       Defendant.

_____/

NO. CIV. S 07-0069 FCD GGH

BANKR. CT. NO. CIV. S 05-33187-C7

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter comes before the court on plaintiff Melanie Casey's motion to withdraw reference to the bankruptcy court regarding her adversary action to have damages from her personal injury action declared non-dischargeable under the United States Bankruptcy Code. Plaintiff moves pursuant to 28 U.S.C. § 157(d),

which permits a district court to withdraw any case referred to bankruptcy court on the motion of any party if resolution of the proceeding requires consideration of both title 11 and other laws of the United States. 28 U.S.C. § 157(d).[1] Plaintiff contends that good cause exists to withdraw reference to the bankruptcy court because she is entitled to a jury trial on her related personal injury claim. Plaintiff's motion is unopposed.

Based on plaintiff's representation that this case is related and intertwined with her personal injury action that requires a jury trial, the court GRANTS plaintiff's motion to withdraw reference of plaintiff's action to bankruptcy court under 28 U.S.C. § 157(d).

In light of the above order and defendant's counsel response to the Order to Show Cause, the Court VACATES the hearings set for October 12, 2007 and hereby DISCHARGES the order to show cause.

The Clerk is directed to issue Civil New Case Documents concurrently with this order.

IT IS SO ORDERED.

DATED: October 5, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1]  28 U.S.C. § 157(d) provides:

   The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

2