UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MELANIE CASEY, | CASE NO. CIV S-07-0069 FCD GGH |
| | CASE NO. CIV S-07-0524 FCD GGH |
| Plaintiff, | |
| | <u>CASE CONSOLIDATION ORDER</u> |
| v. | |
| ALAN EDWARD KENNEDY, | |
| Defendant. | |
| _____/ | |

----oo0oo----

　　　This matter is before the court on plaintiff Melanie Casey's ("Casey") motion to consolidate her personal injury action against defendant Alan Edward Kennedy ("Kennedy") with her adversary action against the same defendant to have damages from her personal injury action declared nondischargeable under the United States Bankruptcy Code.  Defendant does not oppose the motion.

/////

1    Rule 42(a) of the Federal Rule of Civil Procedure provides:

2    When actions involving a common question of law or fact
     are pending before the court, it may order a joint
3    hearing or trial of any or all the matters in issue in
     the action; it may order all the actions consolidated;
4    and it may make such orders concerning proceedings
     therein as may tend to avoid unnecessary costs or
5    delay.

6  Fed. R. Civ. P. 42(a).[1]  Rule 42 confers broad power on the
7  district court to consolidate cases for trial to facilitate the
8  administration of justice at the request of a party or on its own
9  initiative.  In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th
10 Cir. 1987); Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores,
11 Inc., 339 F.2d 673, 675 (3d Cir. 1964).  To determine whether
12 consolidation is appropriate, the court weighs the interests of
13 judicial convenience against the potential for inconvenience,
14 delay, or expense caused by consolidation.  Huene v. U.S., 743
15 F.2d 703, 704 (9th Cir. 1984).

16    Plaintiff moves for consolidation on the grounds that both
17 of her cases are based upon the same factual allegations and many
18 of the same legal issues.  Both cases are also brought by the
19 same single plaintiff against the same single defendant.
20 Moreover, there is no evidence of potential inconvenience, delay,
21 expense, or prejudice to either party as a result of
22 consolidation.  As such, the court finds that consolidation of
23 the two cases will facilitate the administration of justice and
24 serve the interest of judicial economy.
25 /////
26 /////
27 ─────────────────
28   [1]   All further references to "Rule" are to the Federal
   Rules of Civil Procedure.

Therefore, plaintiff's motion for consolidation is GRANTED and the court makes the following orders:

1. The actions denominated "CIV S-07-0069 FCD GGH" and "CIV S-07-0524 FCD GGH," are hereby CONSOLIDATED under the designation **"CIV S-07-0069 FCD GGH." The parties shall NOT file any documents under "CIV S-07-0524 FCD GGH."**

2. Any dates currently set in these consolidated cases are hereby VACATED.

3. Plaintiff shall file a consolidated complaint using only the designation **"CIV S-07-0069 FCD GGH"** on or before **December 21, 2007**. Defendant shall file a responsive pleading within **thirty (30) days** after being served with the amended complaint.

4. A status (pretrial scheduling) conference is set for **February 8, 2008, at 10:00 a.m.** The parties shall file a joint status report on or before **January 25, 2008**.

5. The clerk's office is directed to close the file in "CIV S-07-0524 FCD GGH."

IT IS SO ORDERED.

DATED: December 11, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE