1

2

3

4

5

6

7

8

9              UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11                  ----oo0oo----

12

In re

13

ALAN EDWARD KENNEDY

14                              NO. CIV. 2:07-0069 FCD GGH

        Debtor.

15    _____/      MEMORANDUM AND ORDER

16  MELANIE CASEY,

17         Plaintiff,

18      v.

19  ALAN EDWARD KENNEDY,

20         Defendant.

21  _____/

                    ----oo0oo----

22

23       This matter comes before the court on defendant Alan Edward

Kennedy's ("Kennedy") motion for judgment on the pleadings

24

pursuant to Federal Rule of Civil Procedure 12(c),[1] and plaintiff

25

Melanie Casey's ("Casey") motion to strike affirmative defenses

26

27  _____

28       [1]   All further references to a "Rule" are to the Federal
Rules of Civil Procedure.

1  pursuant to Rule 12(f).  The parties oppose each other's
2  respective motions.  For the reasons set forth below,[2]
3  defendant's motion for judgment on the pleadings is GRANTED in
4  part and DENIED in part, and plaintiff's motion to strike
5  affirmative defenses is GRANTED in part and DENIED in part.

6                          **BACKGROUND**

7        At all relevant times, plaintiff Casey was a minor, and
8  defendant Kennedy was an adult male, 23 years older than Casey,
9  and Casey's basketball coach.  (Compl. [Docket #36], filed Dec.
10 23, 2007, ¶¶ 2, 8, 12).  Kennedy first became Casey's coach when
11 she joined an Amateur Athletic Union ("AAU") basketball team
12 during the summer of 2002.  (Id. ¶ 8).  Kennedy also coached her
13 in June and July 2002 at a basketball camp, during a basketball
14 tournament, and at a conditioning camp.  (Id. ¶¶ 9-11).  Casey
15 and her family were hopeful that she might continue to play
16 basketball in college.  (Id. ¶ 8).  Casey contends that Kennedy
17 used his knowledge of her ambition to sexually exploit her.
18 (Id.)  Casey also contends that Kennedy used his position as an
19 authority figure to control and influence Casey.  (Id. ¶ 12).
20 Once Kennedy had Casey's confidence, he told her that he would
21 have a physical relationship with her.  (Id. ¶ 13).

22       On multiple occasions from August 2002 through November
23 2002, Kennedy had sexual contact and sexual intercourse with
24 Casey.  (Id. ¶ 19).  Subsequently, Kennedy pled no contest to

25

26

_____

27       [2]   Because oral argument will not be of material
   assistance, the court orders this matter submitted on the briefs.
28 E.D. Cal. Local Rule 78-230(h).

violations of the California Penal Code, was sentenced, and
served time in Placer County Jail.  (Id. ¶¶ 24, 31, 37, 42).

On August 25, 2004, Casey filed a complaint for damages in
the Superior Court of the State of California, County of Placer
(the "Placer County case").  On September 29, 2005, Kennedy filed
a petition for bankruptcy under Chapter 7.  On January 13, 2006,
Casey filed a complaint to determine the dischargeability of
debts (the "Bankruptcy case").  Kennedy was granted a Discharge
in Bankruptcy on January 19, 2006.  Casey subsequently removed
the Placer County case to the Bankruptcy court.  On October 5,
2007, the court granted Casey's motion to Withdraw Reference to
the Bankruptcy Court, and on December 7, 2007, the court granted
Casey's motion to consolidate her Placer County case with her
Bankruptcy case.

On December 23, 2007, Casey filed the operative consolidated
complaint in this action.  Plaintiff brings claims for (1)
assault; (2) battery; (3) violation of California Penal Code §
261.5(c); (4) violation of California Penal Code § 288a(b)(1);
(5) violation of California Penal Code § 289(h); (6) violation of
California Penal Code § 272; (7) intentional infliction of
emotional distress; (8) negligent infliction of emotional
distress; (9) punitive damages; and (10) determination of non-
dischargeability of debt on the basis of willful and malicious
injury.  On March 25, 2008, Kennedy filed an answer to
plaintiff's consolidated complaint, asserting, inter alia, the
affirmative defense of consent. (Answer to Compl. ("Answer")
[Docket # 48], filed Mar. 25, 2008).
/////

3

1                              **STANDARD**

2  **A.    Motion for Judgment on the Pleadings**

3          When considering a motion for judgment on the pleadings

4  presenting a defense of failure to state a claim upon which

5  relief can be granted, a court should employ those standards

6  normally applicable to a motion to dismiss for failure to state a

7  claim upon which relief can be granted pursuant to Rule 12(b)(6)

8  of the Federal Rules of Civil Procedure.  See Enron Oil Trading &

9  Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 528-29 (9th

10  Cir. 1997); 5C Charles A. Wright & Arthur R. Miller, Federal

11  Practice and Procedure, Civil § 1368 (3d ed. 2008).  On a motion

12  to dismiss, the allegations of the complaint must be accepted as

13  true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is

14  bound to give plaintiff the benefit of every reasonable inference

15  to be drawn from the "well-pleaded" allegations of the complaint.

16  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6

17  (1963).  Thus, the plaintiff need not necessarily plead a

18  particular fact if that fact is a reasonable inference from facts

19  properly alleged.  See id.

20          Nevertheless, it is inappropriate to assume that the

21  plaintiff "can prove facts which it has not alleged or that the

22  defendants have violated the . . . laws in ways that have not

23  been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal.

24  State Council of Carpenters, 459 U.S. 519, 526 (1983).  Moreover,

25  the court "need not assume the truth of legal conclusions cast in

26  the form of factual allegations."  United States ex rel. Chunie

27  v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

28

                                 4

1    Ultimately, the court may not dismiss a complaint in which
2    the plaintiff has alleged "enough facts to state a claim to
3    relief that is plausible on its face." Bell Atlantic Corp. v.
4    Twombly, 127 S. Ct. 1955, 1974 (2007).  Only where a plaintiff
5    has not "nudged [his or her] claims across the line from
6    conceivable to plausible," is the complaint properly dismissed.
7    Id.  "[A] court may dismiss a complaint only if it is clear that
8    no relief could be granted under any set of facts that could be
9    proved consistent with the allegations." Swierkiewicz v. Sorema
10   N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King &
11   Spalding, 467 U.S. 69, 73 (1984)).

12   **B.   Motion to Strike**

13   Federal Rule of Civil Procedure 12(f) enables the court by
14   motion by a party or by its own initiative to "strike from a
15   pleading an insufficient defense or any redundant, immaterial,
16   impertinent, or scandalous matter."  The function of a 12(f)
17   motion is to avoid the time and expense of litigating spurious
18   issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.
19   1993), *rev'd on other grounds*, 510 U.S. 517 (1994); see also 5C
20   Wright & Miller, Federal Practice and Procedure § 1380 (3d ed.
21   2008).  Rule 12(f) motions are generally viewed with disfavor and
22   not ordinarily granted because of the limited importance of the
23   pleadings in federal practice. Bureerong v. Uvawas, 922 F. Supp.
24   1450, 1478 (C.D. Cal. 1996).  A motion to strike should not be
25   granted unless it is absolutely clear that the matter to be
26   stricken could have no possible bearing on the litigation.
27   Lilley v. Charren, 936 F. Supp. 708, 713 (N.D. Cal. 1996).
28   /////

**ANALYSIS**

**A.   Defendant's Motion for Judgment on the Pleadings**

Defendant Kennedy moves for judgment on the pleadings on the grounds that (1) four of plaintiff's claims are based upon criminal statutes that do not provide a private right of action; and (2) plaintiff cannot state a claim for negligent infliction of emotional distress without also alleging a claim for negligence.

**1.   Claims Arising out of Violations of the Penal Code**

Plaintiff's Third, Fourth, Fifth, and Sixth Claims for Relief are based upon asserted violations of the California Penal Code.  Defendant contends that these claims should be dismissed because there is no private right of action for civil damages arising out of the asserted criminal statutes.

Generally, legislative intent determines whether a statute or constitutional provision provides for a private right of action.  See Katzberg v. Regents of Univ. of Cal., 29 Cal. 4th 300, 317 (2002); see also Animal Legal Defense Fund v. Mendes, 160 Cal. App. 4th 136, 141-43 (2008) ("If we determine the Legislature expressed no intent either way, directly or impliedly, there is no private right of action.").  However, "compelling reasons of public policy might require judicial recognition of such a right."  Mendes, 160 Cal. App. 4th at 142 (citing Katzberg, 29 Cal. 4th at 317); see also Laczko v. Jules Meyers, Inc., 276 Cal. App. 2d 293, 295 (1969).  Moreover, the California Supreme Court has explicitly recognized that "[i]t is undisputed that 'civil actions lie in favor of crime victims. Violation of a criminal statute embodying a public policy is

6

generally actionable even though no specific civil remedy is
provided in the criminal statute.'" <u>Stop Youth Addiction, Inc. v.
Lucky Stores, Inc.</u>, 17 Cal. 4th 553, 572 (1998) (quoting <u>Angie M.
v. Superior Court</u>, 37 Cal. App. 4th 1217 (1995)), *overruled on
other grounds by* <u>Californians for Disability Rights v. Mervyn's,
LLC</u>, 39 Cal. 4th 223 (2006); <u>see</u> <u>Laczko</u>, 276 Cal. App. 2d at 295.
As such, "[a]ny injured member of the public for whose benefit
the statute is enacted may bring an action." <u>Angie M.</u>, 37 Cal.
App. 4th at 1224 (citing <u>Michael R. v. Jeffrey B.</u>, 158 Cal. App.
3d, 1059, 1067 (1984); <u>Laczko</u>, 276 Cal. App. 2d at 295.

In <u>Angie M.</u>, the court specifically acknowledged a private
right of action under California Penal Code §§ 261.5(c) (unlawful
sexual intercourse with a minor) and 288a(b)(1) (oral copulation
with a person under 18 years of age).  37 Cal. App. 4th at 1224-
25.  The court reasoned that these Penal Code sections "evidenced
a long-standing and consistent history of specifically protecting
minors from sexual exploitation and predation."  <u>Id.</u> at 1225.
The court noted that "[t]here can be no doubt as to the strong
public policy that underlies the Legislature's enactment of the
multiple statutes directed at protecting minors from sexual
exploitation."  <u>Id.</u>  Further, the court found that the
Legislature impliedly recognized a private right of action for
"seduction of a person below the age of legal consent" and
"childhood sexual abuse by enacting statutes of limitation for
such actions.  <u>Id.</u>; <u>see</u> Cal. Code Civ. Proc. §§ 340(c), 340.1
(West 2009).  Indeed, California Code of Civil Procedure § 340.1
defines "childhood sexual abuse" to include acts proscribed by
California Penal Code §§ 288a.  Therefore, the <u>Angie M.</u> court

1   held that public policy and implied legislative intent supported

2   a private right of action based upon Penal Code §§ 261.5 and

3   288a.  <u>Angie M.</u>, 37 Cal. App. 4th at 1225.

4        Based upon the reasoning and holding set forth in <u>Angie M.</u>,

5   there is a private right of action under the California Penal

6   Code sections asserted by plaintiff in her complaint that relate

7   to sexual conduct with a minor.  As an initial matter, plaintiff

8   brings claims arising out of violations of Penal Code §§ 261.5(c)

9   and 288a, the very sections at issue in <u>Angie M.</u>.  Plaintiff also

10  brings a claim arising out of Penal Code § 289(h) (sexual

11  penetration with a person under 18 years of age).  As with §

12  288a, § 289 is explicitly listed as conduct that constitutes

13  "childhood sexual abuse" pursuant to California Code of Civil

14  Procedure § 340.1.  As such, the Legislature impliedly recognized

15  the right of a minor to bring a civil action arising out of this

16  section.  <u>See Angie M.</u>, 37 Cal. App. 4th at 1225.  Therefore,

17  defendant's motion to dismiss plaintiff's claim based upon Penal

18  Code §§ 261.5, 288a, and 289 is without merit.  Accordingly,

19  defendant's motion for judgment on the pleadings regarding

20  plaintiff's Third, Fourth, and Fifth Claims for Relief is DENIED.

21       However, plaintiff has failed to demonstrate that a private

22  right of action may be based upon Penal Code § 272.  Unlike the

23  aforementioned sections, § 272 does not address sexual

24  exploitation of a minor.  Nor is it mentioned in the definition

25  of childhood sexual abuse set forth in California Code of Civil

26  Procedure § 340.1.  Rather, § 272 proscribes acts or omissions

27  that contribute to the delinquency of a minor and explicitly

28  provides that the purpose of the section is "to protect minors

8

and to help parents and legal guardians exercise reasonable care, supervision, protection, and control over minor children." Cal. Penal Code § 272(b)(5) (West 2009).[3] Nothing in the statutory language evinces an intent to protect minors from sexual exploitation or predation or a similarly strong public policy. Nor is there a statute of limitation or other source of law that demonstrates an implied intent by the Legislature to create a private right of action. See Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal. 3d 287, 304-05 (1988) (no private right of action where no strong public policy and the legislative intent is unclear). As such, because neither public policy nor implied or express legislative intent support a private right of action, defendant's motion for judgment on the pleadings regarding plaintiff's Sixth Claim for Relief arising out of a violation of California Penal Code § 272 is GRANTED.

### 2.  Negligent Infliction of Emotional Distress

Plaintiff's Eighth Claim for Relief alleges Negligent Infliction of Emotional Distress ("NIED"). Defendant, relying solely upon Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583 (1989), contends that NIED is not a claim for relief in and of itself and cannot survive without accompanying a viable claim for negligence.

Defendant's argument is wholly without merit. The sole case relied upon by defendant does not support his asserted

---

[3]    The court also notes that unlike the other Penal Code sections at issue, violation of § 272 can only be prosecuted as a misdemeanor.

1  proposition.[4]  In <u>Marlene F.</u>, the court held that the mother of a
2  minor child could state a claim for NIED arising out of the
3  sexual molestation of the child by a psychotherapist who was
4  treating both the mother and son.  <u>Id.</u> at 585.  In reaching this
5  conclusion, the California Supreme Court noted that NIED "is not
6  an independent tort but the tort of negligence," which requires
7  application of the traditional elements of duty, breach of duty,
8  causation, and damages.  <u>Id.</u> at 588.  Nothing in the <u>Marlene F.</u>
9  court's opinion requires plaintiff to plead a separate claim of
10 negligence in order to plead a claim for NIED.  As such,
11 defendant's motion for judgment on the pleadings regarding
12 plaintiff's Eighth Claim for Relief is DENIED.

13 **B.   Plaintiff's Motion to Strike Affirmative Defenses**

14      Plaintiff Casey moves to strike some of defendant Kennedy's
15 affirmative defenses.  Specifically, defendant's Sixth
16 Affirmative Defense alleges that "plaintiff knowingly and
17 willingly consented to the conduct of such defendant."  Plaintiff
18 argues that consent is not a defense in a civil action arising
19 out of criminal sexual acts of a minor.[5]

20      Under California law, consent is not a defense to an illegal
21 act when the act was made criminal for the protection of a
22 particular class.  <u>Hudson v. Orville Craft</u>, 33 Cal. 2d 654, 657
23 (1949).  In <u>Hudson</u>, the California Supreme Court held that

24

25      [4]   The court notes that defendant did not address this
26 issue in his reply.

27      [5]   Defendant withdrew his affirmative defenses for
   assumption of risk and unclean hands, the other grounds for
   plaintiff's motion.  (Def.'s Opp'n to Pl.'s Mot. to Strike
28 ("Def.'s Opp'n"), file Dec. 29, 2008).

1   consent was not a defense to a civil action arising out of

2   alleged violations of the California Penal Code and California

3   Business and Professions Code relating to boxing exhibitions.

4   Id. at 656, 660.  The Hudson Court adopted § 61 of the

5   Restatement of Torts, which provides:

> Where it is a crime to inflict a particular invasion of
> interest of personality upon a particular class of
> persons, irrespective of their assent, and the policy
> of the law is primarily to protect the interests of
> such a class of persons from their inability to
> appreciate the consequences of such an invasion, and it
> is not solely to protect the interests of the public,
> the assent of such a person to such an invasion is not
> a consent thereto.

11  Id. at 657 (quoting Restatement of the Law of Torts, Vol. 1, §

12  61).  The court reasoned that because "one of the main purposes

13  of the statutes is to protect a class (combatants) of which

14  plaintiff is a member," the defenses of consent and assumption to

15  risk were inapplicable.  Id. at 660.

16      In this case, as set forth above, California Penal Code §§

17  261.5, 288a, and 289 criminalize various acts of sexual conduct

18  with minors and were enacted to protect minors from sexual

19  predation and exploitation.  See Angie M., 37 Cal. App. 4th at

20  1225.  Lack of consent is not an element of the statutory

21  violations alleged.  See id.; see also Cal. Penal Code §§ 261.5,

22  288a, 289(h).  Under the reasoning of Hudson and the Restatement

23  of the Law of Torts § 61, consent is not a recognized defense to

24  civil actions brought pursuant to these statutes.  Therefore,

25  plaintiff's motion to dismiss defendant's affirmative defense of

26  consent as it applies to her Third, Fourth, and Fifth Claims for

27  Relief is GRANTED.

28

11

1    However, the court does not hold that the affirmative

2  defense of consent is inapplicable to all of plaintiff's claims.

3  For example, the <u>Angie M.</u> court specifically held that a claim

4  for relief under §§ 261.5 or 288a did not duplicate a claim for

5  battery because California Civil Code § 1708.5, the section

6  relating to sexual battery, has been "interpreted to require that

7  the batteree did not consent to the contact," while consent is

8  irrelevant to the statutory violations. <u>Angie M.</u>, 37 Cal. App.

9  4th at 1225; <u>see also</u> <u>Jacqueline R. v. Household of Faith Family</u>

10 <u>Church, Inc.</u>, 97 Cal. App. 4th 198, 107-08 (2002) (holding that

11 plaintiff could not sustain a claim for sexual battery where the

12 sexual relationship was consensual).  As such, because consent is

13 a requirement to establish the tort of sexual battery, it would

14 appear to be a relevant defense.  However, because the parties

15 conclusorily argue only that the affirmative defense does or does

16 not apply to the complaint generally and failed to address the

17 applicability of the defense to claims with any particularity,

18 the court does not make any specific conclusions with respect to

19 the remaining tort claims based upon the motions before it.

20                              **CONCLUSION**

21    For the foregoing reasons, defendant's motion for judgment

22 on the pleadings is GRANTED in part and DENIED in part, and

23 plaintiff's motion to strike is GRANTED in part and DENIED in

24 part.

25    IT IS SO ORDERED.

26 DATED: February 3, 2009

27                              _____
                                FRANK C. DAMRELL, JR.
                                UNITED STATES DISTRICT JUDGE
28